## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARK JACOBY,                                    Case No.:  6:20-cv-01871-PGB-GJK

   Plaintiff,

vs.

CABLE NEWS NETWORK, INC. and
SARA MURRAY,

  Defendants.

_____

## DEFENDANTS CABLE NEWS NETWORK, INC. AND
## SARA MURRAY'S MOTION TO STAY DISCOVERY

Defendants Cable News Network, Inc. ("CNN, Inc.") and Sara Murray ("Murray") (collectively, "Defendants") move this Court to stay discovery pending the resolution of Defendants' Motion to Dismiss. (D.E. 39.) As explained below, the Court should stay discovery for two reasons. First, the Motion to Dismiss is well-grounded and meets the standard of "at least potentially meritorious" to warrant a stay. Moreover, if granted, the motion would dispose of the entire case. Second, the burdens of discovery outweigh any burdens associated with a stay. Furthermore, because Plaintiff sued Defendants for exercising their First Amendment rights, the imposition of discovery is especially burdensome for its ongoing chilling effect on Defendants' expression. For these reasons, the Court should stay discovery pending its ruling on Defendants' Motion to Dismiss.

1

## BACKGROUND

Plaintiff Mark Jacoby filed the instant suit on October 9, 2020, asserting defamation and defamation by implication claims associated with an article about rapper Kanye West's presidential campaign. (D.E. 1.) Defendants moved to dismiss on December 21, 2020 (D.E. 31), and Plaintiff filed an Amended Complaint on January 4, 2021. (D.E. 36.) Although the Amended Complaint includes a claim based on a second article about West and modifies several factual allegations, the Amended Complaint is substantively similar to the original Complaint. Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on January 19, 2021 (D.E. 39), to which Plaintiff responded on February 9, 2021. (D.E. 42.)

As Defendants' most recent Motion to Dismiss explains, the Amended Complaint suffers several fatal flaws. First, the Amended Complaint fails to adequately plead the proper intent—actual malice—required of a public figure in a defamation action. Second, the primary article at issue in this case is not defamatory of Plaintiff and is substantially true. Third, Plaintiff's defamation by implication claim fails because it is premised on allegedly false statements and merely duplicates the defamation claim. Fourth, Plaintiff's new claim about a second article also fails because the statements at issue are incapable of defamatory meaning. Defendants' motion, which raises each of the above arguments, remains pending before the Court, and the arguments raised therein are matters of law that the Court can determine without discovery.

2

The operative scheduling order in this case sets the discovery deadline at December 1, 2021. (D.E. 33 at 1.) And because all parties have filed certificates of interested persons (D.E. 10, 25, 26) the discovery period is now open. (*See* D.E. 33 at 4 (establishing the parameters of discovery.)) The parties have served no discovery to date. For the reasons explained below, Defendants ask that the Court stay discovery pending the resolution of Defendants' Motion to Dismiss.

## ARGUMENT

The pendency of a dispositive motion does not automatically stay discovery. But when a defendant challenges the legal sufficiency of a complaint, the Eleventh Circuit encourages district courts to rule on dispositive motions *before* discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997). *See also Rivas v. The Bank of New York Mellon*, 676 Fed. App'x. 926, 932 (11th Cir. 2017) (holding that when a motion presents a pure question of law that could dispose of an entire case, then "neither the parties nor the court has any need for discovery before the court rules on the motion.") As the Eleventh Circuit explained, "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama*, 123 F.3d at 1368.

To avoid unnecessary costs, courts in this District frequently grant motions to stay discovery pending the resolution of motions that present purely legal questions for which discovery is not necessary. *See, e.g.*, *David v. United States*, 2020 WL 1862606, at *2 (M.D. Fla. Apr. 14, 2020) (staying discovery when a "[m]otion

raise[d] potentially meritorious challenges to the complaint, which outweigh any harm to Plaintiff that a delay in discovery or case management would cause"); *George & Co. LLC v. Cardinal Indus., Inc.*, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (staying discovery due to potentially meritorious challenges to complaint); *Duo-Regen Techs., LLC v. 4463251 Canada, Inc.*, 2014 WL 12618711, at *1 (M.D. Fla. Feb. 14, 2014) (staying discovery until the court could rule on a motion raising the matter of jurisdiction); *Seminole County Tax Collector v. Domo, Inc.*, 2018 WL 6620952, at *1 (M.D. Fla. Dec. 13, 2018) (staying discovery because the "Motion to Dismiss may be meritorious and, if granted, would be case dispositive"); *Ave Maria Univ. v. Sebelius*, 2012 WL 13059434, at *2 (M.D. Fla. Nov. 28, 2012) (explaining that, "given the possibility that the Court will grant Defendants' Motion to Dismiss and the fact that staying discovery until the Court resolves the Motion to Dismiss will not cause the Plaintiff any significant harm, a stay is appropriate"); *NCC Bus. Services, Inc. v. Lemberg & Associates, LLC*, 2013 WL 5428737, at *2 (M.D. Fla. Sept. 26, 2013) (staying discovery in a defamation suit to "spare the court and the litigants the myriad costs of discovery.").

In short, "[t]rial courts have a responsibility to properly manage pretrial discovery in order to avoid a waste of resources. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Brexendorf v. Bank of Am., N.A.*, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) (citing *Rivas*, 676 Fed. App'x at 932).

The moving party bears the initial "burden of showing good cause and reasonableness in conjunction with the request for a stay of discovery." *Brexendorf*, 2018 WL 7252955, at *4. Good cause and reasonableness are determined by two factors. First, courts look to whether the dispositive motion is at least potentially meritorious and whether granting the dispositive motion would dispose of the entire case. Second, courts evaluate whether the burdens of discovery outweigh the burdens of a stay. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Both factors, as explained below, independently warrant staying discovery.

### 1. Defendants' Motion to Dismiss is meritorious and will dispose of the entire case.

Although a court need not fully decide the motion to dismiss to determine whether the motion to stay discovery should be granted, the court "must take a preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (citation omitted.) Notably, this "peek" need only show that the motion presents a "*potentially* meritorious challenge" to justify a discovery stay. *David*, 2020 WL 1862606, at *2 (emphasis added). Where, as here, the motion to dismiss is "potentially dispositive" of the entire case, then a discovery stay is proper. *Duo-Regen Techs.*, 2014 WL 12618711, at *1. *See also McCabe*, 233 F.R.D. at 685 ("A request to stay discovery pending a resolution of a motion is rarely appropriate *unless* resolution of the motion will dispose of the entire case") (emphasis added).

The Motion to Dismiss focuses on Plaintiff's failure to plead the facts necessary to allege actual malice, inability to sustain a defamation by implication claim, and the articles' lack of defamatory meaning and substantial truth. These issues are purely legal, and no discovery is necessary to decide this dispositive motion. Indeed, a "preliminary peek" at the Motion to Dismiss reveals that the issues presented are meritorious and entirely dispositive of the case.

Plaintiff's opposition offers no more than a perfunctory defense of his claims. Among other things, Plaintiff appears to dispute his status as a public figure by contending Defendants' reporting placed him in the limelight. But Plaintiff ignores the many articles published by various media outlets concerning Plaintiff's criminal history and predating Defendants' reporting. (D.E.32 at Ex. A) (enclosing a sampling of this reporting); (D.E. 39 at 2 n.1). At a minimum, Plaintiff is a limited purpose public figure who must establish actual malice, yet both the Amended Complaint and opposition lack any factual allegations that demonstrate actual malice. Plaintiff also argues his defamation by implication claim survives dismissal because, despite alleging the challenged statement is "literally false," he alternatively pleads the statement is true. But such contradictory allegations run afoul of established Florida law, which requires an implication claim stem from *truthful* statements.

Finally, Plaintiff argues that the articles defamed him by reporting about his voter registration fraud misdemeanor because, although he did commit voter registration fraud, the fraud was separate from his work. Plaintiff's strained interpretation of the articles ignores the fact that the statements, when considered in

6

their natural sense as Florida law requires, are incapable of defamatory meaning and are substantially true.

Because Defendants' reporting cannot form the basis for the claims in Plaintiff's Amended Complaint, discovery would be inefficient, burdensome, and futile—and Plaintiff's lack of factual allegations of actual malice is not a deficiency that may be easily remedied by filing another amended complaint. Nor can an amendment remedy the fact that the articles are substantially true and incapable of defamatory meaning. As a result, any amendment would be futile, and resolution of the pending Motion to Dismiss would serve to dispose of this case.

### 2. The burdens of discovery outweigh any burdens associated with a stay.

"As long as delaying discovery does not cause [a] Plaintiff any significant harm, then a stay of discovery is appropriate." *George*, 2019 WL 1468514, at *1 (citation omitted).[1] By staying discovery in such cases, "the Court and the parties can be spared the various, significant costs of discovery." *NCC Bus. Services*, 2013 WL 5428737, at *1 (quotation omitted).

The costs of discovery in this case would be significant. The Amended Complaint challenges the veracity of several statements concerning Plaintiff's

---

[1] Put differently, a stay is proper when "the harm produced by a delay in discovery" is less than "the likely costs and burdens of proceeding with discovery." *McCabe*, 233 F.R.D. at 685 (citation omitted). Defendants do not contemplate any "harm produced by a delay in discovery" in this case. *See id.* But to the extent that Plaintiff is concerned about possible delays associated with court-ordered deadlines, such burdens are illusory because if the Court grants the discovery stay, the Court can also suspend or amend any other deadlines in the case. *NCC Bus. Services*, 2013 WL 5428737, at *2.

criminal background and work as a political consultant. On the Defendants' side, full discovery would require deep dives into Plaintiff's previous criminal history, general reputation, and almost 15 years' worth of business dealings from his nationwide signature-gathering services, including requests to a variety of out-of-state agencies. On the Plaintiff's side, discovery would require Defendants' production of large amounts of material, some of which would likely be privileged and confidential, and both parties would also likely need multiple depositions to properly ferret out the contested issues of fact.

Put differently, staying discovery in this case imposes no additional risks or burdens because even if the Court later denies the Motion to Dismiss, all possible discovery, remedies and procedural options would remain available to all parties once discovery re-opened. But the potential risks associated with not staying discovery are significant: if the Court grants the Motion to Dismiss discovery is unnecessary, but the parties would have needlessly wasted significant amounts of time and resources in the meantime. *See Chudasama*, 123 F.3d at 1368.

Moreover, the burdens on Defendants are intensified in this case because the Amended Complaint implicates and chills Defendants' First Amendment rights. When faced with this precise situation, a neighboring court explained the significance of this chilling effect as follows:

> The Court's review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment. Absent a stay of discovery pending determination of these threshold legal issues, Defendants will be forced to

8

expend considerable resources to respond to Plaintiff's discovery requests. The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted. *See Chudasama*, 123 F.3d at 1367-68 (discussing the significant costs of discovery on litigants and finding "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). Nor can Plaintiff reasonably claim prejudice as a result of a stay. Should this Court deny the Motion to Dismiss, any discovery to which Plaintiff may ultimately be entitled will be available following the stay.

*Borislow v. Canaccord Genuity Group Inc.*, 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014). As in *Borislow*, the instant case presents a defamation claim in which "the challenged statements may be . . . truthful and/or protected by the First Amendment." *Id.* In such cases, a stay of discovery is especially warranted.

## **CONCLUSION**

Because the Defendants' Motion to Dismiss is meritorious and, if granted, would resolve the case in its entirety, and because the burdens of staying discovery are fewer than the burdens of proceeding with discovery, Defendants ask the Court to stay discovery pending the resolution of Defendants' Motion to Dismiss.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for the Defendants conferred with Plaintiff's counsel by telephone on February 25, 2021, who indicated Plaintiff opposes the relief requested in this motion.

Dated: February 25, 2021

Respectfully submitted,

*/s/ Deanna K. Shullman*
Deanna K. Shullman
Florida Bar No. 514462

Giselle M. Girones
Florida Bar No. 124373
Minch Minchin
Florida Bar No. 1015950
Shullman Fugate PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL  33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com
ggirones@shullmanfugate.com
mminchin@shullmanfugate.com
*Attorneys for Defendants Cable News
Network, Inc. and Sara Murray*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2021, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Deanna K. Shullman*
Deanna K. Shullman